IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ARLENE WILMATH, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ELMER W. PHIPPS and EARTH LOOP, INC., an Illinois corporation, d/b/a TRI-STATE TRENCHING & BACKHOE, | ) ) ) ) ) ) | Case No. 04-1329 |
| Defendants. | ) ) ) | |
| CHARLES LEWIS BOYD, | ) ) ) | Case No. 04-1330 (Case No. 04-1330 is consolidated under Case No. 04-1329) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ELMER W. PHIPPS and EARTH LOOP, INC., an Illinois corporation, d/b/a TRI-STATE TRENCHING & BACKHOE, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| vs. | ) ) | |
| ARLENE WILMATH, | ) | |
| Third Party Defendant. | | |

**JOINT DISCOVERY PLAN**

Date of Discovery Planning Conference: 20 December, 2004

1. Parties anticipate that discovery will be needed on the following subjects:

    (a) Facts and circumstances surrounding accident at issue.

    (b) Physical injuries and medical treatment of Arlene Wilmath and Charles Boyd following the accident at issue.

    (c) Past and future injuries and medical treatment of Arlene Wilmath and Charles Boyd

    (d) Depositions of both plaintiffs and defendants.

2. The parties anticipate submitting additional written discovery requests under Fed. R. Civ. P. 33, 34 and/or 36 by 3 January, 2005.

3. The parties anticipate that depositions will be needed for the following witnesses:

**By Plaintiffs Wilmath & Boyd**

　　(a) Fact witnesses - Plaintiffs condition before and after injuries, witnesses to accident, and specifically Tab A. Godgy, a passenger in the Defendant's vehicle

　　(b) Witnesses identified in discovery

　　(c) Defendant, Elmer W. Phipps

　　(d) Defendant, Rick Schmitt

　　(e) Investigating officer, State Trooper No. 5292

　　(f) Plaintiff Wilmath's treating physician

　　(g) Plaintiff Boyd's treating physician

　　(h) Defendant's examining physician, if any

　　(i) Experts, if designated by the parties

**By Defendants:**

**Elmer W. Phipps and Earth Loop, Inc., an Illinois corporation, d/b/a Tri-State Trenching & Backhoe:**

(a)  Plaintiff and Third Party Defendant, Arlene Wilmath

(b)  Plaintiff, Charles Lewis Boyd

**By Third Party Defendant Arlene Wilmath:**

(a)  Plaintiff, Charles Lewis Boyd

(b)  Defendant Elmer W. Phipps

The parties do not foresee any deposition extending beyond seven hours.

The parties agree to confer in good faith with each other when they expect a deposition will likely take more than seven hours to complete.

4. The parties agree that standard discovery plan should be sufficient in this case.

The following deadlines shall be set:

| | | |
|---|---|---|
| (a) | Parties to the litigation to be deposed by | 15 February 2005 |
| (b) | Plaintiffs to amend pleadings by | 1 March 2005 |
| (c) | Plaintiffs to add new parties by | 15 March 2005 |
| (d) | Defendants to amend pleadings by | 1 April 2005 |
| (e) | Third Party Defendant to amend pleadings by | 15 April 2005 |
| (f) | Plaintiffs to disclose experts and provide expert reports by | 1 May 2005 |
| (g) | Plaintiffs to make experts available for deposition by | 1 July 2005 |
| (h) | Defendants to disclose experts and provide expert reports by | 1 August 2005 |

| | | |
|---|---|---|
| (i) | Defendants to make experts available for deposition by | 1 October 2005 |
| (j) | Third Party Defendant to disclose experts and provide expert reports by | 15 October 2005 |
| (k) | Third Party Defendant to make experts available for deposition by | 15 November 2005 |
| (l) | All discovery, including depositions of experts, to be completed by | 1 December 2005 |
| (m) | Dispositive motions to be filed by | 1 January 2006 |

5.  The parties anticipate that discovery should be completed within twelve (12) months.

6.  State whether the parties request any changes in the timing, form, or requirement for disclosure under Rule 26(a), and if so, state when disclosures under Rule 26(a)(1) were made or will be made:

    No changes requested.

7.  If the parties currently anticipate the need for protective orders, state the reasons such orders may be needed.

    The parties do not currently anticipate the need for any protective orders. However, the need for protective orders to protect confidential personal information may arise as discovery progresses.

8.  Identify the minimum discovery necessary prior to mediation or other A.D.R., and state the approximate time needed by the parties in order to complete that minimum discovery.

    Identification and possible deposition of plaintiff's medical providers; identification and deposition of any later-identified expert witnesses with reports exchanged, depositions of the parties. The parties believe they will need approximately twelve (12) months to complete the minimum discovery prior to mediation and/or other A.D.R.

Submitted this __22__ day of December, 2004.

*[signature]*

James E. Frasier-Lead Counsel
Frank W. Frasier
Laurie Phillips
FRASIER, FRASIER, & HICKMAN
1700 Southwest Boulevard
Tulsa, OK 74101
918.584.4724
918.583.5637 *fax*
frasier@tulsa.com *e-mail*
*Attorneys for Plaintiffs Arlene Wilmath and Charles Lewis Boyd*

*[signature]*

Bradley W. Dunham
Quinn, Johnston, Henderson & Pretorius
227 N.E. Jefferson Street
Peoria, Illinois 61602
309.674.1133
309.674.6503 *fax*
bdunham@qjhp.com *e-mail*
*Counsel for Defendants Elmer W. Phipps and* Earth Loop, Inc., an Illinois corporation,
     d/b/a Tri-State Trenching & Backhoe

*[signature]*

Maximilian Prusak,
Prusak, Winne & Gorman, Ltd.
403 N.E. Jefferson St.
Peoria, IL 61603
309.674.4222
309.674.9701 *fax*
mprusak@mtco.com *e-mail*
*Counsel for Third Party Defendant Arlene Wilmath*